# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL HUDSON, | ) | 1:11-cv-01560-BAM (PC) |
| | ) | |
| Plaintiff, | ) | FIRST SCREENING ORDER DISMISSING |
| | ) | ACTION, WITH PREJUDICE, AS BARRED |
| v. | ) | BY CLAIM PRECLUSION, AND |
| | ) | DIRECTING CLERK'S OFFICE TO ENTER |
| | ) | JUDGMENT |
| SUSAN HUBBARD, et al., | ) | (ECF No. 1) |
| | ) | |
| Defendants. | ) | |

**I.      Screening Requirement**

Plaintiff Michael Hudson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 15, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not; Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights; there is no *respondeat superior* liability under section 1983. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

**II.** **Discussion**

**A.** **Summary of Claim**

Plaintiff, who is currently incarcerated at California State Prison, Corcoran ("Corcoran"), brings this action against Defendant Susan Hubbard, Warden at Corcoran, and Defendant A. Rodriguez, a correctional officer at Corcoran, for retaliation in violation of the First Amendment.

Plaintiff alleges as follows:  On December 16, 2009, Plaintiff was in housed in Corcoran's Security Housing Unit ("SHU").  He submitted a 602 appeal for a staff response to see if his personal property could be held because he might be released from the SHU.  If he was not released, he would mail home his personal property.

On December 17, 2009, during second watch, SHU property officer R. Washington brought Plaintiff a portion of his personal property.  Plaintiff signed for it and then explained to Officer Washington that he submitted a 602 appeal to the SHU property office for a staff response as to whether his property could be held because he might be released soon from the SHU.  Officer Washington told Plaintiff to write this information on the top of the CDC-193 Inmate Trust withdrawal form.  Officer Washington never told Plaintiff and never wrote on the trust form that Plaintiff refused to sign the form.

On December 21, 2009, Plaintiff received a 4B SHU mail out disposal notice, a CDCR 128 internal chrono which stated:  This notice is to inform you that you have unallowable/excess SHU property currently stored at 4B-SHU mail-out room.  Your refusal to select a method of disposition . . . your property will be disposed of on December 17, 2009, per C.C.R. title 15, sec. 3191(c) and operational procedure #806.

On December 28, 2009, Plaintiff received an informal response in which Officer Rodriguez stated:  This appeal is denied.  We do not hold property for more than fifteen (15) days.  Your property was issued to you on Dec. 17, 2009, at which time you refused to sign a CDCR-193 trust withdrawal form on Dec. 17, 2009.  This refusal of signing the 193 form is automatically donated.

On July 28, 2010, Plaintiff filed a petition in the Kings County Superior Court seeking recovery of his personal property or its value of $1,000.  On October 5, 2010, the Kings County Superior Court denied his petition.  On November 15, 2010, Plaintiff filed a petition in the California Court of Appeal, Fifth Appellate District.  On April 14, 2011, the Court of Appeal

denied the petition.  On May 28, 2011, Plaintiff filed his petition in the California Supreme Court.  On August 17, 2011, the California Supreme Court denied the petition.

Following the denial of his petition for habeas corpus on August 17, 2011, by the California Supreme Court, Plaintiff initiated this federal civil rights action claiming his property was destroyed in retaliation for filing a 602 appeal in violation of the First Amendment.  Plaintiff seeks the return of his personal property or its value.

**B.     Claim Preclusion**

**1.     Prior Proceedings**

In his habeas petition to the Kings County Superior Court, Plaintiff alleged that on December 17, 2009 and following his transfer to Corcoran, he received a portion of his personal property.  Plaintiff was informed on December 28, 2009 that the remaining portion of his property was donated pursuant to Operational Procedure No. 806 when he failed and/or refused to sign a trust withdrawal form (CDCR-193) for disposition/mailing the confiscated portion of his property.

Plaintiff claimed that donation of his personal property was in error because, on December 16, 2009, he submitted both a CDC Form 602 Inmate/Parolee Appeal and a Request for Interview aimed at securing the storage of his personal appeal pending administrative challenge to his validation and SHU term.  Plaintiff alleged that he never refused to sign the withdrawal, but indicated that he had filed a 602 appeal and request for interview which should have caused his property to be stored.

In an opinion signed on October 5, 2010, the Honorable Donna Tarter, Superior Court Judge for the County of Kings, denied Plaintiff's habeas petition on the ground that there was no dispute that the property was properly confiscated and that donation of the property was appropriate due to Plaintiff's failure to execute the CDCR-193 for disposition of personal property. (ECF No. 1, pp. 43-44; Ex. 4 to Complaint.)

The Court of Appeal for the Fifth Appellate District summarily denied Plaintiff's petition for writ of mandamus on April 14, 2011. (ECF No. 1, p. 46; Ex. 5 to Complaint.) The California Supreme Court summarily denied Plaintiff's petition for writ of habeas corpus on August 17, 2011. (ECF No. 1, p. 48; Ex. 6 to Complaint.)

### 2.  **Legal Standard**

Claim preclusion bars litigation of claims that were or could have been raised in a prior action. Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted). Federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state. Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 84, 104 S.Ct. 892 (1984) and Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004)) (quotation marks omitted).

Under California law, a final judgment of a state court precludes further proceedings if they are based on the same cause of action. Brodheim, 584 F.3d at 1268 (citing Maldonado, 370 F.3d at 951) (quotation marks omitted). California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes, and under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty. Id. (citing City of Martinez v. Texaco Trading & Transp., Inc., 353 F.3d 758, 762 (9th Cir. 2003)) (quotation marks omitted). If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery. Id. (citing Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174, 197 Cal.Rptr. 612 (1983)) (quotation marks omitted).

### 3. **Findings**

In this instance, there is no doubt that Plaintiff is attempting to re-litigate his claim to personal property (or its value) that was disposed of by Corcoran due to Plaintiff's failure to sign a CDCR-193. This claim was denied by the Kings County Superior Court, the Court of Appeal for the Fifth Appellate District and the California Supreme Court. Although Plaintiff appears to be asserting a new legal theory in this action; that is, his property was disposed of in retaliation for filing a 602 appeal in violation of the First Amendment, Plaintiff's claim arises from the donation of his property by Defendant. This is the same loss of property complained of in his state court habeas proceedings. Accordingly, Plaintiff's claim in this action is precluded. Given the nature of the deficiency at issue, leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III. **Order**

For the reasons stated, this action is HEREBY ORDERED dismissed, with prejudice, as barred by claim preclusion, and the Clerk's Office SHALL enter judgment.

IT IS SO ORDERED.

Dated: __April 3, 2013__                    /s/ Barbara A. McAuliffe
                                            UNITED STATES MAGISTRATE JUDGE